CALIDA CORPORATION *v.* TRENTON CITY ENGINEER.

1. MUNICIPAL CORPORATIONS—ZONING—ORDINANCES—DRIVE-IN RESTAURANT.

Trial court's finding that defendant city engineer improperly determined, in denying plaintiffs' application for a permit to build a restaurant, that said restaurant would violate the applicable zoning ordinance prohibiting drive-ins *held*, proper, where said ordinance defined a drive-in as a business whose retail or service character is dependent on providing a driveway approach or parking spaces for motor vehicles so as to serve patrons while in said motor vehicles rather than within a building or structure, and the evidence clearly established that the proposed restaurant would not be a drive-in (Trenton City Ordinance, art 2, § 201).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5, 7, 9] 58 Am Jur, Zoning § 105.
 Zoning regulations as forbidding or restricting restaurants, diners, "drive-ins," or the like. 82 ALR2d 989.
[2] 58 Am Jur, Zoning §§ 235, 236.
 Right to intervene in court review of zoning proceedings. 46 ALR2d 1059.
[3–5,–7] 58 Am Jur, Zoning § 105.
 Duty of highway construction contractor to provide temporary way or detour around obstruction. 29 ALR2d 876.
 Validity and construction of zoning regulations requiring garage or parking space. 74 ALR2d 418.
[6] 58 Am Jur, Zoning §§ 194–196.
[8] 58 Am Jur, Zoning § 194 *et seq.*
[10] 58 Am Jur, Zoning §§ 181, 235, 236.
[11] 5 Am Jur 2d, Appeal and Error § 1009.

2. MANDAMUS—PUBLIC OFFICERS—CLEAR LEGAL RIGHT TO PERFORMANCE OF SPECIFIC ACT.

> A writ of mandamus can issue against a public officer or body to compel performance when the petitioner has a clear legal right to the performance of the specific act sought to be compelled, the defendant has a clear legal duty to perform such act, and the act is ministerial.

3. MUNICIPAL CORPORATIONS—EVIDENCE—FINDINGS OF FACT—PARKING SPACES AT SHOPPING CENTER.

> Trial court's finding in action to compel city engineer to issue building permit for 100' x 100' restaurant in shopping center that the construction would cause a reduction of only 2 or 3 parking spaces *held,* not supported by the record, where the only evidence as to such reduction was the testimony of defendant city engineer who testified that the construction would require use of 35 to 50 parking spaces, and the testimony of a city planning consultant who testified that it would cause a loss of 31 parking spaces and thereby bring available number of parking spaces below minimum required (Trenton Zoning Ordinance Nos 117, 222).

4. SAME—ZONING—ORDINANCES—BURDEN OF PROOF.

> A party denied a permit by a city to construct a building in shopping center on the basis that such additional construction would violate a city ordinance by reducing the number of parking spaces below the number required by ordinances has the burden of proving that such additional construction would not violate the ordinance (Trenton Zoning Ordinance Nos 117, 222).

5. SAME—BURDEN OF PROOF—RESTAURANT—SHOPPING CENTER—VIOLATION OF ZONING ORDINANCE.

> Plaintiff, who sought to compel the issuance of a permit to build a restaurant at shopping center after the same had been denied by the city engineer on the ground that such construction would violate a city ordinance by reducing the number of parking spaces below that required by the ordinance *held,* not to have sustained his burden of proof that such construction would not violate the zoning ordinance, where the only testimony indicated that such violation would result (Trenton Zoning Ordinances Nos 117, 222).

6. SAME—CITIES—ZONING—ORDINANCES—VIOLATION OF ORDINANCES.

> A city engineer who has no authority to grant a variance from the provisions of a zoning ordinance would be acting improperly in issuing a building permit violative of such ordinance (Trenton Zoning Ordinances Nos 117, 222).

7. Mandamus—Municipal    Corporations—Zoning—Ordinances—
   Violation of Ordinances.

> Mandamus to compel a city engineer to issue a permit for con-
> struction of a restaurant in a shopping center *held*, improper,
> where there was evidence that the construction of such restau-
> rant would result in the reduction of available parking spaces
> below the minimum required by city ordinance, since a city
> engineer has no authority to grant a building permit viola-
> tive of a city ordinance (Trenton Zoning Ordinances Nos
> 117, 222).

8. Municipal   Corporations—Application  for  Building  Permit—
   Appeal—Zoning Ordinance.

> Applicant for permit to construct a restaurant clearly had a
> right to appeal from denial by city engineer to the zoning
> board of appeals under provisions of the applicable zoning
> ordinance specifically providing for such appeal (Trenton Zon-
> ing Ordinance, § 2002).

9. Mandamus—Right to Mandamus—Municipalities—Cities—Zon-
   ing—Ordinances.

> Plaintiffs, who sought the issuance of a writ of mandamus against
> defendant city engineer to compel the issuance of a permit to
> build a restaurant in a shopping center *held*, not entitled
> to such writ, even though defendant city engineer had initially
> denied plaintiffs' application for an improper reason and
> the board of zoning appeals had improperly claimed lack of
> jurisdiction over the matter, where the evidence indicated that
> such construction would result in the violation of city zoning
> ordinance, since, under the circumstances, the city engineer
> had no clear legal obligation to issue said building permit
> and was justified in refusing further construction violative
> of said ordinance (Trenton Zoning Ordinance Nos 117, 222).

10. Same—Violation of Zoning Ordinances.

> Trial court's grant of a writ of mandamus compelling defend-
> ant city engineer to issue plaintiff a permit to construct a
> restaurant in a shopping center *held*, error, where the evidence
> indicated that the issuance of said permit would result in
> the reduction of parking spaces below that required by a city
> ordinance, since mandamus will lie only where a party is
> clearly entitled to the relief sought and the act involved
> is purely ministerial, and defendant city engineer had no clear
> legal duty, under the circumstances, to issue said permit (Tren-
> ton Zoning Ordinance Nos 117, 222).

11. COSTS—PUBLIC QUESTION—BUILDING PERMIT—RESTAURANT IN SHOPPING CENTER.

> No costs are allowed on appeal in action to compel city engineer to issue a building permit to construct a restaurant in a shopping center, a public question being involved.

Appeal from Wayne; Weideman (Carl W.), J. Submitted Division 1 April 6, 1967, at Detroit. (Docket No. 1,278.) Decided August 1, 1967.

Complaint by Calida Corporation and Crown Hamburger Systems Company against George H. Cully, Trenton City engineer, for a writ of mandamus compelling defendant to issue a building permit for a proposed restaurant. Judgment for plaintiff. Defendant appeals. Reversed.

*Raumbolt, MacDonald & Dodge,* for defendant.

FITZGERALD, J. Calida Corporation, owner of Trenton Acres shopping center and Crown Hamburger System Company, the proposed lessee of a restaurant to be built in the center, applied for a building permit on April 28, 1964. Early in May, the engineer for the city of Trenton denied issuance of a building permit on the basis that the proposed restaurant building was not part of the original approved plan of the shopping center.

A supplemental letter was sent on June 24, amplifying the reasons for denial of the building permit. The letter referred to the general requirements of the zoning ordinance and the specific provision therein against "establishments serving food and/or beverages in the nature of a drive-in, so-called," and cited the Trenton zoning ordinance No 222. Plaintiff appealed to the city council and then to the zoning board of appeals. Neither body would take action for the stated reason that they lacked jurisdiction in the matter.

Plaintiffs brought action in the circuit court for the county of Wayne for a writ of mandamus directing the defendant city engineer to issue the building permit. Following a hearing, the trial court rendered an opinion granting plaintiffs their requested mandamus and a formal order was entered thereon. Claim of appeal followed.

Defendant appeals on 2 grounds, first inquiring whether a writ of mandamus should issue against the city engineer where the issuance of a building permit would violate the parking requirements of city zoning ordinance No 222. He asks further whether the planned community business district provision of the Trenton zoning ordinance authorizes additional commercial buildings which would be violative of the parking requirements in that district.

The trial court's opinion was brief in substance, but found that the proposed restaurant was not a "drive-in so-called" such as would violate the zoning ordinance.

"*The Court:* Well, the court finds first, as a matter of fact, that what the petitioner is going to build is not a so-called drive-in; not by any stretch of my imagination does it even come close. If that were so, every Howard Johnson restaurant would be a drive-in; every Sanders store would be a drive-in; every hotel that sells a sandwich to take out would be considered a drive-in. That isn't realistic at all."

Testimony bears out this finding that the building does not fall within the definition of drive-in as found in the zoning ordinance:

"A business establishment so developed that its retail or service character is dependent on providing a driveway approach or parking spaces for motor vehicles so as to serve patrons while in the

motor vehicle rather than within a building or structure."

In this regard, plaintiff's position is upheld. Refusal to issue the building permit on the stated grounds that the proposed restaurant was a drive-in was an incorrect assumption on the part of the city engineer.

We are troubled, however, by the type of relief under consideration here, *i.e.,* mandamus. It is well settled that a writ of mandamus can issue against a public officer or body to compel performance when the petitioners have a clear legal right to the performance of the specific act sought to be compelled, and the defendants have a clear legal duty to perform such act, and the act is ministerial. *Pillon* v. *Attorney General* (1956), 345 Mich 536. Here, we must examine then whether issuance of the building permit would be violative of the zoning ordinance in such a manner as to preclude issuance of mandamus.

It was the testimony of the city engineer that the original Trenton Acres shopping center developed under zoning ordinance No 117, a predecessor of the ordinance under consideration, required 500 parking spaces and that 504 were available. The new construction, he contended, would require the use of 35 to 50 parking spaces from that total, bringing the total number of spaces below that required by the ordinance. The city's planning consultant corroborated this testimony by stating that if a tract 100' by 100' was removed from the available parking for the shopping center, the net effect would result in a deficiency of 31 parking spaces, reduced by the previous surplus of 4 spaces, for a net deficiency of 27 parking spaces in the usable area of the center.

The court's finding of fact goes beyond the testimony on this point in the following words:

"The change in the number of drive-in spaces would not lessen it by 30 cars because I defy anybody parking cars parallel with today's length of cars to try to park 30 cars—that was the witness's testimony—on a lot 100 by 100 because, to get out of the space for a car that is 20 feet long or 22 feet long, one is sure to get around an angle and you need more than 20 feet to maneuver backward and forward. It just can't be done. * * *

"The court thinks that the difference in two or three parking spaces is an arbitrary use of the power of the law upon which they base their refusal."

The record demonstrates that plaintiff has failed in his burden of proof that additional construction on the shopping center parcel would not violate the zoning ordinance. The city engineer has no authority to grant a variance from the provisions of the ordinance, and he would therefore be acting improperly in issuing a building permit violative of that ordinance. Accordingly, we hold that mandamus cannot lie in the instant action.

*Obiter,* we can only observe, as did the trial court in its opinion, that plaintiffs obviously have an appeal to the zoning board of appeals, notwithstanding its previous claim of lack of jurisdiction. Section 2002 of the ordinance provides:

"An appeal may be taken to the board of appeals by any person, firm or corporation, or by any officer, department, board or bureau affected by a decision of the city engineer."

Defendant obliquely acknowledges this in its brief, a fact unrebutted by plaintiffs since no brief was filed on their behalf, in the words:

"It appears from the record that there was some misunderstanding between the city engineer's office,

the plaintiff and the zoning board of appeals as to whether or not the zoning board of appeals was being asked for an advisory opinion in this matter rather than the entire matter being treated as a formal appeal."

Notwithstanding the zoning board's failure to perform its function, the city engineer was under no clear legal obligation to issue the building permit in question. Despite his erroneous application of the definition of a drive-in restaurant, he was justified in refusing further expansion of the shopping center violative of the ordinance's parking requirements. *Kosiba* v. *Wayne County Board of Auditors* (1948), 320 Mich 322.

Reversed. No costs, a public question being involved.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.