WAYNE COUNTY v CORRECTIONS COMMISSION

1. COUNTIES—CORRECTIONS COMMISSION—SERVICE GRANT—PROBATION PROGRAM.

A service grant by the Corrections Commission to a county to maintain its probation program is dependent upon a finding by the commission that the county is "unable to adequately maintain its probation program according to the standards set by the state bureau of probation"; the burden therefore is on the county to show that it is "unable" rather than merely "unwilling" to maintain such a program (MCLA 791.225).

2. COUNTIES—FINANCIAL DEFICIT—PROBATION PROGRAM—ABILITY TO MAINTAIN.

It is doubtful whether the mere fact that the county faces an admittedly sizable financial deficit constitutes the necessary showing that it is "unable" to properly maintain a probation program (MCLA 791.225).

3. COUNTIES—DEPARTMENT OF CORRECTIONS—SERVICE GRANTS—PROBATION PROGRAMS—LEGISLATIVE INTENT—STATUTE.

The Department of Corrections does not have a clear duty to provide service grants to counties for their probation programs; the Legislature simply empowered the Corrections Commission to make service grants to counties to bring those counties' probation programs in line with the level of the rest of the state, but in no way can the language of the statute be read to be a mandate by the Legislature to require the commission to make such grants; the language of the statute is clearly permissive (MCLA 791.225).

4. COUNTIES—CORRECTIONS COMMISSION—SERVICE GRANTS—PROBATION PROGRAM—SOURCES OF FUNDS.

Service grants by the Corrections Commission to a county to maintain its probation program do not have to be made from the general funds of the Department of Corrections; the service

---

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Divisions § 579 *et seq.*

grants can be from Federal funds and for a limited duration since "service grants" are subject to "such conditions as the commission may determine" (MCLA 791.225).

5. MANDAMUS—DEPARTMENT OF CORRECTIONS—SERVICE GRANTS—COUNTIES—PROBATION PROGRAM.

Mandamus will not issue to compel the Department of Corrections to make service grants to a county to maintain its probation program since the statute does not create a clear duty on the part of the department to provide such funds (MCLA 791.225).

6. COUNTIES—CORRECTIONS COMMISSION—SERVICE GRANTS—PROMULGATION OF RULES—LEGISLATIVE INTENT—REVIEW.

In the absence of a showing of the promulgation by the Corrections Commission of uniform rules to be followed in making available service grants to counties to enable them to adequately maintain their probation programs, where the statute provides that such uniform rules be followed in making available such service grants, it is impossible for the Court of Appeals to determine whether the limitations placed upon the grant to a county are in accord with any general policy with regard to grants to other counties and the Court of Appeals does not consider it as its function to order the promulgation of such rules (MCLA 791.225).

Original action in the Court of Appeals. Submitted Division 1 November 10, 1972, at Detroit. (Docket No. 13688.) Decided March 28, 1973.

Complaint for mandamus by Wayne County and its Board of Commissioners against the Michigan Corrections Commission, Gus Harrison, Director of the State Department of Corrections, and Roy H. Nelson, Assistant Director of the State Department of Corrections, to compel the providing of service grants to hire additional probation personnel. Writ denied.

*Aloysius J. Suchy,* Corporation Counsel, and *David R. Kaplan* and *Samuel J. Torina,* Assistants Corporation Counsel, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendants.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. In this original action for mandamus, the plaintiff, Wayne County, alleges that it is critically deficient in the number of probation officers needed to carry out the responsibilities of adequate probation investigation and presentence investigation. Plaintiff further alleges that it is presently operating under a large fiscal deficit and cannot secure funds locally to meet the cost of the needed additional probation personnel. In an effort to correct this situation, the County of Wayne requested a number of "service grants" from the State Department of Corrections and that request has been refused.

It is the plaintiffs' contention that pursuant to statute, the State Department of Corrections has a duty and obligation to provide Wayne County with additional probation personnel. To this end, the plaintiffs filed an action for a writ of mandamus, and this Court ordered defendants to show cause why plaintiffs should not be granted the relief requested.

The sole question argued and asserted herein is whether the Department of Corrections has a statutory duty to Wayne County pursuant to MCLA 791.225; MSA 28.2295, to provide sums necessary to hire more probation personnel.

Both plaintiffs and defendants agree that in order for plaintiffs to obtain a writ of mandamus,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the plaintiffs must show "a clear legal right to the performance of the specific act sought to be compelled, and the defendants have a clear legal duty to perform such act and the act is ministerial". See *Calida Corp v Trenton City Engineer,* 7 Mich App 496, 501 (1967); see, also, *Deneweth v State Treasurer,* 32 Mich App 439 (1971).

The statute in question, MCLA 791.225; MSA 28.2295, provides:

"Where the courts of more than 1 county are served by the same probation officer or officers, the compensation of such officer or officers and the expenses of administering probation service within such counties shall be met jointly by the boards of supervisors therein: *Provided, That when it shall appear to the commission that any county is unable to adequately maintain its probation program according to the standards set by the state bureau of probation, then service grants to such an extent and under such conditions as the commission may determine, may be made available to said county:* Provided, That uniform rules to be followed in making available such service grants first shall be promulgated by the commission." (Emphasis supplied.)

This statute was originally intended by the Legislature to be inapplicable to any county over 500,000 population. MCLA 791.226; MSA 28.2296. However, this legislative restriction was struck down by the Michigan Supreme Court in *Wayne Circuit Judges v Wayne County,* 383 Mich 10, 30 (1969):

"The purpose of this legislation is to discharge the state's responsibility for the correction and rehabilitation of criminals. If population has any obvious relation to this purpose, it would be that in the populous areas of the state there is a greater need for the commitment of the state's resources and the discharge of the state's responsibility to correct and rehabilitate criminals."

Although the Supreme Court subsequently adopted a concurring opinion in that case on rehearing (see 386 Mich 1 [1971]), this decision does not appear to change the result. The opinion on rehearing affirms the decision of this Court at 15 Mich App 713 (1969). While the Court of Appeals upheld the power of the circuit court to exercise inherent power to obtain needed appropriations, this Court refused to test the reasonableness of the lower court's action, concluding that the reasonable necessity for the appropriation is exclusively within the jurisdiction of the Michigan Supreme Court under its power of superintending control.

However, in this case, there is no question as to the scope of this Court's power. The complaint has been filed by the county seeking an order from this Court to compel a state officer to perform an apparent duty. Under these circumstances, it would appear that this Court does have jurisdiction to determine the reasonableness of the county's request if it be raised by the defendants in answer to an order to show cause.

The plaintiffs argue that the "service grants" provisions of MCLA 791.225, *supra,* are now applicable to Wayne County pursuant to the holding in *Wayne Circuit Judges v Wayne County,* 383 Mich 10 (1969). They say that since Wayne County is financially unable to provide adequately for the needed probation personnel, the Department of Corrections has the duty to provide service grants sufficient to hire the needed personnel.

Defendants claim that mandamus is not appropriate in this situation because: (1) the department has already provided additional persons to the extent of the available funds, both state and Federal; (2) the duty, of necessity, requires an exercise of discretion on the part of the Department of

Corrections; and (3) to compel defendants to do as requested by plaintiffs would require defendants to do an unauthorized act.

Before beginning a discussion of the mandamus issue at hand, it would seem necessary and appropriate to delineate the scope and nature of the question presented. It can be stated as follows:

*Should a writ of mandamus be issued to compel defendant Department of Corrections to provide funds to the County of Wayne for the hiring of additional probation personnel pursuant to the "service grants" provisions of MCLA 791.225; MSA 28.2295?* The question herein presented is quite different from that in *Wayne Circuit Judges v Wayne County, supra.* The question there revolved around the inherent power of the judiciary to require the legislative branch of government to appropriate sufficient funds to provide for the efficient administration of justice.

The question here is concerned with whether the Department of Corrections has a duty to provide funds for the hiring of additional probation personnel when the county is unable to do so. Any duty on the part of defendant department must arise out of a statutory duty created by the Legislature, since it is neither asserted nor argued that the county has the right or power to seek mandamus against the state Legislature to secure the needed funds. It should also be noted that while both *Wayne Circuit Judges v Wayne County, supra,* and the rehearing of the same (386 Mich 1 [1971]) hold that the "service grants" provisions of MCLA 791.225, *supra,* are applicable to Wayne County, it is equally clear that both the original opinion and the opinion on rehearing stand for the proposition that the county is primarily responsible for underwriting the cost of the local operation of probation

departments. Both the original majority opinion and Justice BLACK'S separate opinion (which was adopted as the opinion of the Court on rehearing) cited with approval the following language from *Stowell v The Board of Supervisors for Jackson County,* 57 Mich 31, 34 (1885):

"[T]he expenses of justice are incurred for the benefit of the State, and only charged against the counties in accordance with old usage, as a proper method of distributing the burden."

It should first be noted that "service grants" are dependent upon a finding by the Michigan Corrections Commission that the county is "unable to adequately maintain its probation program according to the standards set by the state bureau of probation". The burden therefore is on the county to show that it is "unable" to maintain such program rather than merely "unwilling" to maintain such program.

It is doubtful whether the mere fact that the county faces an admittedly sizable financial deficit constitutes the necessary showing that it is "unable" to properly maintain the probation program. It is therefore arguable whether or not Wayne County has adequately shown that it even comes within the purview of the statute.

Assuming *arguendo* that Wayne County can show or has shown the requisite inability to properly maintain an adequate probation program, it would not appear that they have shown that the Department of Corrections has a clear duty to provide service grants. The language of the statute is clearly permissive, in that it provides that "service grants to such an extent and under such conditions as the commission may determine, *may be made available* to said county". (Emphasis

added.) It is clear that the Legislature simply empowered the commission to make service grants to counties to bring those counties' probation programs in line with the level of the rest of the state; but in no way can the language of the statute be read to be a mandate by the Legislature to require the commission to make such grants.

It should also be noted that the Department of Corrections through use of Federal money, had already underwritten the cost of additional probation officers for Wayne Circuit Court. Clearly the size of the service grant is a question left to the determination of the Corrections Commission.

The Federal grant was made to the commission and is administered by the commission. Nothing in the statute requires, or even infers, that the "service grants" must be made from the general funds of the Department of Corrections. Further, the fact that the Federal grant is for a limited duration is of no consequence, since "service grants" are subject to "such conditions as the commission may determine".

Since the commission has made at least a limited grant to Wayne County,[1] the only question is whether the commission has abused its discretion in failing to do more.

It would appear that the plaintiffs have failed to demonstrate that the commission has abused its discretion, particularly in light of the limitations placed on the commission by the Legislature with regard to the total support which the commission can provide.

---

[1] The question of whether the additional personnel which were hired for Detroit Recorder's Court should be considered along with those to Wayne Circuit Court would not appear to be a critical factor; however, it would appear that they should, since it appears that Wayne County is also liable for their salaries. See MCLA 726.27; MSA 27.3577.

If defendants are to be believed that they do not have funds to provide additional probation officers, and the only way Wayne County could be increased is at the expense of other counties, the granting of mandamus would create a "rob Peter to pay Paul"[2] situation. Counties that do nothing would benefit from inaction.

While probation program expenses ideally should be borne by the state rather than the counties, the counties are presently the governmental units responsible for the costs. Since the statute relied upon by Wayne County to attempt to secure funds from the Department of Corrections does not create a clear duty on the part of defendants to provide such funds, mandamus will not issue.

Although not emphasized by the parties, notice should be taken of the proviso of MCLA 791.225, *supra,* which states:

"Provided, That uniform rules to be followed in making available such service grants first shall be promulgated by the commission."

A search of the administrative code and questioning at oral argument fail to disclose that the commission has ever, at least formally, promulgated rules with regard to the granting of "service grants". Perhaps it has "standards", perhaps not.

It is therefore questionable whether the commission has the power to make service grants to Wayne County or any other county. Clearly, the Legislature wanted some uniform rules regarding "service grants" to avoid inequality among the counties. Absent such rules, it is impossible for this Court to determine whether the limitations placed upon the grant to Wayne County are in

---

[2] Rabelais: Works. Book I, Chap 11.

accord with any general policy with regard to grants to other counties.

We do not consider that it is our function to order the promulgation of the aforesaid rules as an ancillary action to these proceedings. However, proper administration of the statute in question dictates that such promulgation be made. Prompt voluntary compliance with the statutory mandate would appear to be the wise course, lest subsequent litigation force the compliance which thus far has not taken place.

Mandamus denied. No costs, a public question.

All concurred.